ENTRY
This cause and matter came on to be heard by the Board of Tax Appeals on an appeal filed herein by the appellant, above named, under date of August 19, 1939, from a corrected assessment made by the Tax Commissioner August 8, 1939, in and by which corrected assessment and certificate thereof the Tax Commissioner made an increased assessment of taxes for the year 1937 on the appellant’s equitable interest in the corpus of a certain trust theretofore set up by the appellant as the settlor thereof with The Geo. D. Harter Bank as trustee and with herself as beneficiary during the term of her natural life; which trust as to the corpus thereof consisted, for the most part, of - securities which for purposes of taxation were and are classified as investments. The-case was heard by the Board of Tax Appeals upon said appeal, upon the files of the Tax Commission and of the Tax Commissioner relating to said assessment, and upon an agreed statement of the facts in the case which was signed by counsel and filed with the Board.
Upon the consideration thereof the Board finds that on March 29, 1937, the appellant, a resident of the Village of North Canton, Ohio, filed her intangible and personal property tax return for said year-in which, among other things, she set out therein the sum of $19,-829.26 as her income yield during the year 1936 as the beneficiary of said trust aforesaid which was referred to in said tax return as Edna S. Hoover Trust No. 1393;' which sum of $19,829.26 was the-actual amount of money paid by the trustee of said trust to the appellant during the year 1936 as the net income of the proceeds of the trust for said year. The Tax Commissioner on audit of appellant’s tax return and on consideration of an informational return filed by the appellant with her tax return, found that during the-year 1936 the trustee aforesaid, paid the sum of $3200.00 to a certain firm of. investment counsel of the City of Boston, Massachusetts,, which firm was theretofore employed by the trustee pursuant to-the authority and direction of the appellant as the settlor of said trust, to advise and assist the trustee in the management of the investments constituting the corpus of said trust; and the Tax Commissioner on consideration thereof, disallowed said item of $3200.00 -as an expense deductible from the income of the trust for said year,, and on said audit charged this sum of $3200.00 to the appellant-as additional income yield from the. *450 trust for said year. The appeal filed by the appellant in this case is from the increased tax assessment for the year 1937 made by the Tax Commissioner on this audit. The Board of Tax Appeals finds that the action of the Tax ■Commissioner in disallowing this item of expense as one deductible from the income of the trust for the year 1936 was predicated on the ground that said expense, although the same was authorized and directed by the appellant as the settlor of the trust, was properly chargeable to the corpus of the trust rather than to the income of the trust for that year.
Irrespective of the question whether this item of investment counsel fees paid out by the trustee during the year 1936 was a proper charge against the corpus ■of the trust or against the income of the trust for said year (as to which question no opinion is here expressed), the Board is of the "view that this item cannot legally be charged to the appellant, the beneficiary of said trust, as a part of her income yield from said trust lor this year for the purpose of "taxing her equitable interest in the investments constituting the corpus of said trust, for the year 1937. As to this the Board finds that other than income of the trust applied by the trustee to the use of the appellant as the beneficiary of the trust, during the year 1936 or used by the trustee in said year in paying premiums on policies of insurance on the appellant’s life, as provided for in §5389-1 GC, and other than income of the trust unlawfully accumulated by the trustee and withheld from the beneficiary within the purview of §5392 GC, the only moneys which, were .legally chargeable to the appellant ■as her income yield from this trust were those paid and distributed in •cash by the trustee to the appellant as beneficiary. Sec. 5389 GC; Watson v Tax Commission, 135 Ob St 377. Moreover, if this item of expense for investment counsel in the amount above stated was for the benefit of the corpus of the trust as distinguished from the income of the trust for said year, it cannot be said that the moneys paid out by the trustee in meeting this expense were paid and applied to the use of the appellant with respect to the net income of the estate paid to her in said year. On the other hand if this expense in the employment of investment counsel was for the benefit of the income of the trust for said year the expense of such employment was properly deductible from such income for the purpose of determining the net income payable to the appellant as the beneficiary of the trust. Inasmuch as this item of $3200.00 here in question was neither paid to the appellant nor unlawfully accumulated and withheld by the trustee, and since, as the Board finds, this item of money was not applied by the trustee to the use of the appellant as the beneficiary as provided for in §5389-1 GC, the Board finds that the Tax Commissioner erred in including said sum of $3200.00 as a part of appellant’s income yield as the beneficiary of said trust for the year 1936 for the purpose of determining the taxes assessed against the appellant for the year 1937 on her equitable interest in the investments and intangible property constituting the corpus of said trust.
It is, therefore, by the Board of Tax Appeals considered and ordered that the order of the Tax Commissioner disallowing said.deduction for investment counsel and including the same as a part of appellant’s income yield as aforesaid be, and the same hereby is, reversed; and it is hereby further *451 ordered and directed that the Tax Commissioner issue a corrected assessment certificate eliminating said item of $3200.00 as a part of appellant’s income yield from said trust; and as thus corrected and modified the tax assessment against appellant for the year 1937 is hereby affirmed.
BOARD OF TAX APPEALS